# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY J. LONG, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-CV-1069 NAB |
| | ) |
| JIM ROLUFS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants/Counterclaim-Plaintiffs Jim and Lisa Rolufs' ("Defendants") motion to remand to the Circuit Court of Phelps County. (Doc. # 19.) Plaintiff/Counterclaim-Defendant Timothy J. Long, Jr., filed a memorandum in opposition. (Doc. #20.) Defendants filed a reply. (Doc. #24.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge in this matter under 28 U.S.C. § 636(c). (Doc. #13.) Having fully considered the arguments set forth by the parties, the Court grants Defendants' motion to remand.

## I.
## BACKGROUND

In the early hours of January 27, 2007, Timothy Long was driving a vehicle in St. Robert, Missouri. Ryan Essig was driving an ambulance. Jim Rolufs was a passenger in the ambulance. The two vehicles had a collision. Rolufs sustained injuries in the collision. At the time of the accident, both Rolufs and Essig were employed by the Department of the Army ("Army"). (Doc. # 1-3; Doc. #19-2.) The federal government compensated Rolufs for his injuries under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq.* (Doc. #19-3.)

After the accident, the Rolufs entered into settlement negotiations with Long's insurer. On August 3, 2009, Long's insurer brought an action to enforce settlement agreement in Missouri state court.[1] The Rolufs moved to dismiss the Petition on the ground that Long's insurer lacked standing to enforce a settlement agreement negotiated on Long's behalf. Long was then substituted as plaintiff.

The Rolufs counterclaimed against Long, alleging that Long negligently caused Jim Rolufs' injuries. Long filed a third-party petition against Essig, the ambulance driver, seeking contribution. Long alleged that Essig's negligence caused the accident. Essig then sought to remove the case to this Court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. The United States Attorney for the Eastern District of Missouri, Richard G. Callahan, certified that Essig was acting within the scope of his employment with the Army pursuant to 28 U.S.C. § 2679(d)(2) and 28 C.F.R. §15.4. ([Doc. 1-3](Doc. 1-3).) Essig then filed a notice of removal to this Court on June 15, 2011, under 28 U.S.C. §§ 1442(a)(1), 1446(a), and 2679(d)(2). ([Doc. #1](Doc. #1).) The United States was substituted as the third-party defendant under 28 U.S.C. § 2679(d)(2). On March 13, 2012, the Rolufs filed this motion to remand.

## II.
## DISCUSSION

The Rolufs argue that this Court lacks subject matter jurisdiction over the third-party claim asserted against the United States. Thus, the Rolufs request for the third-party claim to be dismissed and for the remaining claims to be remanded to state court. The Court agrees that it lacks subject matter jurisdiction over the third-party claim. There is no other basis for federal jurisdiction. Thus, Long's third-party claim against the United States will be dismissed and the case will be remanded to the Circuit Court for Phelps County.

---

[1] The petition was originally brought in the Circuit Court for St. Louis County. On the Rolufs' motion, the case was transferred to the Circuit Court for Phelps County.

"It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. U.S.*, 630 F.3d 1085, 1089 (8th Cir. 2011). A court must consider its subject matter jurisdiction over a case *sua sponte* if it believes that it may be lacking. *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009). If a Court finds that it lacks subject matter jurisdiction over a claim, it must dismiss the claim. *See* Fed. R. Civ. P. 12(h)(3).

The United States, as sovereign, is immune from suit unless it consents to be sued "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules, Inc. v. U.S.*, 516 U.S. 417, 422-23 (1996) (internal quotations and citations omitted). The United States has consented to suit under the Federal Tort Claims Act ("FTCA"). "The FTCA waives the government's immunity in certain tort suits by providing that the "United States shall be liable [for torts] ... in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* (quoting 28 U.S.C. § 2674) (alterations in original). "To determine whether the United States would be liable as a private individual, the court looks to the 'law of the place where the act or omission occurred.'" *Eubank v. Kan. City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010) (quoting 28 U.S.C. § 1346(b)(1)). "If a private person, under like circumstances, would be liable under the substantive law of the State where the act or omission occurred, then the FTCA waives sovereign immunity." *Id.* Here, the alleged acts and omissions took place in Missouri, so the Court looks to Missouri law.

Long asserts a claim for contribution against the United States. Under Missouri law, a defendant can assert a claim for contribution only if the third-party defendant would also be liable to the underlying plaintiff. *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 442 (Mo. 2002) (citing *Safeway Stores, Inc. v. Raytown*, 633 S.W.2d 727, 730 (Mo. 1982)). Therefore, the

3

issue is whether Rolufs, the underlying counterclaim-plaintiff, could bring a claim against the United States. *See Eubank*, 626 F.3d at 430 (discussing whether original plaintiff had a claim against the United States).

While the FTCA applies to claims brought against the United States by most individuals (including Long), it does not apply to actions against the government by government employees for work-related injuries. Instead, the Federal Employee Compensation Act, ("FECA") supplants the FTCA and "is the exclusive remedy for a federal employee who has sustained a personal injury on the job." *See* 5 U.S.C. § 8116(c); Griffin v. United States, 703 F.2d 321 (8th Cir. 1983); *see also Knowles v. U.S.*, 91 F.3d 1147 (8th Cir. 1996) ("FECA supplants liability that would otherwise exist under the FTCA for on-the-job injuries suffered by government employees."). Thus, an individual who elects to receive benefits under FECA cannot assert a claim against the United States because FECA provides that individual's exclusive remedy. *Eubank*, at 427 (citing 5 U.S.C. § 8116(c)).

FECA does not directly bar third-party contribution claims in the sense that its exclusivity provision only applies to persons entitled to receive FECA benefits. *See Lockheed Aircraft Corp. v. U.S.*, 460 U.S. 190, 196-99 (1983). However, this is a case where FECA's exclusivity provision "indirectly bar[s] a claim for contribution by foreclosing the underlying plaintiff's suit against the United States." *See Eubank*, 626 F.3d at 429 (citing *In re McAllister Towing & Transp. Co.*, 432 F.3d 216, 224-26 (3d Cir. 2005); *Walls Indus., Inc. v. U.S.*, 958 F.2d 69, 71 (5th Cir. 1992)).

Indeed, this situation is indistinguishable from the one in *Eubank*. The *Eubank* plaintiff was the widow of a former employee of the General Services Administration ("GSA"). The decedent was fatally injured after sustaining severe burns from an electrical accident while on the

job at an abandoned complex. His widow received benefits from the United States under FECA and sued the Kansas City Power & Light Company ("KCP&L"), who supplied the electricity for the abandoned complex, in state court. *Id.* at 426. KCP&L filed a third-party petition against the GSA supervisors, seeking indemnification and contribution. The United States substituted itself as defendant and removed the case to federal court under the FTCA. *Id.* The district court dismissed the third-party claims for lack of subject matter jurisdiction, and remanded the wrongful death claim to the state court. *Id.* at 427.

Reviewing the dismissal of the third-party claim *de novo*, the Eight Circuit upheld the district court's determination that it lacked subject matter jurisdiction over both claims. *Id.* at 430. The court found that the widow had no actionable negligence claim against the United States, which thus barred KCP&L's claim under Missouri law. *Id.* at 430. It rejected KCP&L's argument that the United States was liable because the GSA supervisors would have been liable but for the FTCA, holding that "where FECA is the sole source of the government's liability, the government is entitled to assert FECA immunity even though the GSA supervisors could not." *Id.* The court affirmed the district court's dismissal of KCP&L's third-party claim. *Id.*

Because Rolufs accepted FECA benefits, he does not have a cause of action against the United States under the FTCA or any other statute. Under Missouri law, Long cannot bring a contribution claim against the United States because Rolufs, the underlying plaintiff, could not sue the United States. Finally, the FTCA does not permit Long's claim because he lacks a cause of action under Missouri law. The United States has therefore not waived its sovereign immunity, and this Court lacks subject matter jurisdiction over Long's claim. Because Long's claim would not be cognizable in state court for the reasons given above, remand would be inappropriate. *See Eubanks*, 626 F.3d at 430 (affirming dismissal for lack of subject matter

jurisdiction). Even so, Long's claim will be dismissed without prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (dismissal for lack of subject matter jurisdiction due to waiver of sovereign immunity should be without prejudice).

The only remaining claim in this case is a state law cause of action between Missouri residents. Thus, no basis remains for this Court's jurisdiction, and this case will be remanded to state court. *See* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.
## CONCLUSION

Based on the above analysis, the Court finds that Long's third-party claim against the United States is barred. The Court also finds that the Rolufs' motion to remand should be granted. Accordingly,

**IT IS HEREBY ORDERED** that Timothy Long, Jr.'s third-party claim against the United States is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Missouri Circuit Court, Twenty-Fifth Judicial Circuit, Phelps County, from which it was removed, for all further proceedings.

Dated this 9th day of August, 2012.

                                              /s/ Nannette A. Baker
                                             NANNETTE A. BAKER
                                             UNITED STATES MAGISTRATE JUDGE